1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

GEORGE D. BORRIA and GRACE
A. NEFFA-BORRIA, as trustees of the
George and Grace Borria 2006 Trust,

11

12

Plaintiffs,

vs.

13

14

15

WELLS FARGO BANK N.A.; HSBC
BANK USA, a federally chartered
banking institution, as trustee on
behalf of The Wells Fargo Asset
Securities Corporation, mortgage pass-
through certificates, series 2007-11;
FIDELITY NATIONAL TITLE
INSURANCE; DEFAULT
RESOLUTION NETWORK; ALL
PERSONS UNKNOWN claiming any
legal or equitable right, title, estate,
lien or interest in the property
described in the complaint adverse to
plaintiffs' title, or any cloud on
plaintiffs' title thereto; and DOES
1–60,

16

17

18

19

20

21

22

23

Defendants.

CASE NO. 13-CV-1784 JLS (KSC)

**ORDER: (1) GRANTING
DEFENDANTS WELLS FARGO
AND HSBC'S REQUEST FOR
JUDICIAL NOTICE; AND (2)
GRANTING DEFENDANTS
WELLS FARGO, HSBC, AND
FIDELITY'S MOTIONS TO
DISMISS THE COMPLAINT**

(ECF Nos. 26, 27, 28)

24

25   Presently before the Court is Defendants Wells Fargo Bank N.A. ("Wells Fargo")

26 and HSBC Bank USA's ("HSBC," and, collectively, "the Banks") Motion to Dismiss

27 ("MTD") (ECF No. 26), as well as Fidelity National Title Insurance's ("Fidelity") MTD

28 (ECF No. 28).  Also before the Court are Plaintiffs George D. Borria and Grace A.

Neffa-Borria, as trustees of the George and Grace Borria 2006 Trust's ("Plaintiffs"), Oppositions to (ECF Nos. 29, 30) and the Banks' (ECF No. 31) and Fidelity's (ECF No. 32) Replies in Support of the MTDs, as well as the Banks' Request for Judicial Notice ("RJN") (ECF No. 27). The Court vacated the hearings on the MTDs set for April 10, 2014, and took the matters under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 33.) Having considered the parties' arguments and the law, the Court **GRANTS** the Banks' RJN and **GRANTS** both the Banks' and Fidelity's (collectively, "Defendants") MTDs.

## BACKGROUND

On June 12, 2007, Plaintiffs executed a Deed of Trust ("DOT") encumbering the real property located at 6169 Primrose Drive, La Mesa, California, 91942 ("the Property"). (Corrected 1st Am. Verified Compl. ("FAC") ¶ 8, ECF No. 24; RJN Ex. 1, ECF No. 27.) The DOT secures a $960,000.00 promissory note ("the Note"), and names Plaintiffs as the borrowers, Wells Fargo as the lender, and Fidelity as the trustee. (FAC ¶ 8, ECF No. 24; RJN Ex. 1, ECF No. 27.) On October 10, 2007, Plaintiffs executed a Trust Transfer Deed granting their interest in the Property to the George and Grace Borria 2006 Trust ("the Trust"), of which Plaintiffs are the trustees. (RJN Ex. 2, ECF No. 27.)

On August 18, 2011, Fidelity recorded a Notice of Default ("NOD") against the Property, claiming that Plaintiffs were $36,856.77 in arrears. (FAC ¶ 9, ECF No. 24; RJN Ex. 3, ECF No. 27.) On February 6, 2012, Wells Fargo recorded a Corporate Assignment of DOT to HSBC. (FAC ¶ 10, ECF No. 24; RJN Ex. 4, ECF No. 27.)

On March 1, 2012, Fidelity recorded a Notice of Trustee's Sale ("NOTS"). (FAC ¶ 14, ECF No. 24; RJN Ex. 5, ECF No. 27.) On July 30, 2013, Plaintiffs filed their Complaint. (ECF No. 1.) Defendants subsequently filed MTDs. (ECF Nos. 7, 16.) Defendants recorded a second NOTS on August 7, 2013. (RJN Ex. 6, ECF No. 27.)

On February 4, 2014, the Court granted Defendants' MTDs and granted Plaintiffs fourteen (14) days in which to file an amended complaint. (*See* Order 13, ECF No. 22.)

On February 19, 2014, Plaintiffs filed their FAC.  (*See* ECF No. 24.)  The house was apparently sold on February 20, 2014.  (MTD 10, ECF No. 26.)   Defendants subsequently filed the present MTDs.

## REQUEST FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  "Judicially noticed facts often consist of matters of public record."  *Botelho v. U.S. Bank, N.A.*, 692 F. Supp. 2d 1174, 1178 (N.D. Cal. 2010) (citations omitted); *see also W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992).  While "a court may take judicial notice of the existence of matters of public record, such as a prior order or decision," it should not take notice of "the truth of the facts cited therein."  *Marsh v. Cnty. of San Diego*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006).

The Banks ask the Court to judicially notice the following nine (9) documents, all recorded in the San Diego County Recorder's Office: (1) Deed of Trust, Doc. No. 2007-0396404, recorded on June 12, 2007 (ECF No. 27, Ex. 1); (2) Trust Transfer Deed, Doc. No. 2007-0703583, recorded on November 5, 2007 (ECF No. 27, Ex. 2); (3) Notice of Default and Election to Sell Under Deed of Trust, Doc. No. 2011-0424537, recorded on August 18, 2011 (ECF No. 27, Ex. 3); (4) Corporate Assignment of Deed of Trust, Doc. No. 2012-0067234, recorded February 6, 2012 (ECF No. 27, Ex. 4); (5) Notice of Trustee's Sale, Doc. No. 2012-0118490, recorded on March 2, 2012 (ECF No. 27, Ex. 5); (6) Notice of Trustee's Sale, Doc. No. 2013-0494997, recorded on August 7, 2013 (ECF No. 27, Ex. 6); (7) Quitclaim Deed, Doc. No. 2005-0896659, recorded on October 17, 2005 (ECF No. 27, Ex. 7); Correction Deed, Doc. No. 2006-0026861, recorded on January 12, 2006 (ECF No. 27, Ex. 8); and (9) Grant Deed, Doc. No. 2007-0396403, recorded on June 12, 2007 (ECF No. 27, Ex. 9).

All of these documents are available to the public and are certified and

1  maintained by an official office.   Their accuracy cannot therefore be reasonably

2  disputed.   Accordingly, the Court **GRANTS** the Banks' RJN as to all nine (9)

3  documents.

**MOTIONS TO DISMISS**

5  **I.   Legal Standard**

6       Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the

7  defense that the complaint "fail[s] to state a claim upon which relief can be granted,"

8  generally referred to as a motion to dismiss.   The Court evaluates whether a complaint

9  states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil

10  Procedure 8(a), which requires a "short and plain statement of the claim showing that

11  the pleader is entitled to relief."   Although Rule 8 "does not require 'detailed factual

12  allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-

13  harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

14  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   In other words, "a plaintiff's obligation

15  to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

16  conclusions, and a formulaic recitation of the elements of a cause of action will not do."

17  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   "Nor

18  does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

19  enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

20       "To survive a motion to dismiss, a complaint must contain sufficient factual

21  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

22  (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).   A claim is

23  facially plausible when the facts pled "allow[] the court to draw the reasonable

24  inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*,

25  550 U.S. at 556).   That is not to say that the claim must be probable, but there must be

26  "more than a sheer possibility that a defendant has acted unlawfully." *Id.*   Facts

27  "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to

28  relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).   Further, the Court need not accept as

true "legal conclusions" contained in the complaint.  *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 679 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.*

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to amend would be futile, the Court may deny leave to amend.

## II.    Analysis

Plaintiffs assert the following two claims: (1) violation of California's Unfair Competition Law, California Business and Professions Code § 17200 *et seq*.; and (2) cancellation of instruments.  (*See generally* FAC, ECF No. 24.)

Defendants argue that this Court lacks subject-matter jurisdiction over this controversy, as Plaintiffs' claims arise under state law and Plaintiffs have failed to plead the requirements for diversity jurisdiction.  (*See* MTD 10–11, ECF No. 26; MTD 4–5, ECF No. 28.)  Plaintiffs, on the other hand, argue that the FAC alleges original jurisdiction under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201–02, and that this gives the Court supplemental jurisdiction over their state law claims.  (Resp. in Opp'n 6–7, ECF No. 29-2; Resp. in Opp'n 6–7, ECF No. 30-2.)  Plaintiffs alternatively claim that the Court has diversity jurisdiction over this suit.  (Resp. in Opp'n 7, ECF No. 29-2; Resp. in Opp'n 7–8, ECF No. 30-2.)

First, the DJA does not confer jurisdiction where it otherwise does not exist.  *See Geni-Chlor Int'l, Inc. v. Multisonics Dev. Corp.*, 580 F.2d 981 (9th Cir. 1978) ("Declaratory judgment merely provides procedural and remedial flexibility to the federal courts.  It does not, however, extend their jurisdiction" (citing *Skelly Oil Co. v.*

*Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).); *Tashima v. Admin. Office of the U.S. Courts*, 719 F. Supp. 881, 886–87 (C.D. Cal. 1989) ("The [DJA] does not create an independent jurisdictional basis for suits in federal court. A declaratory judgment suit must conform to traditional jurisdictional requirements" (citations omitted).). Hence, the Court rejects this purported basis for jurisdiction.

Second, the Court agrees with Defendants that Plaintiff has failed to plead the necessary facts to establish diversity jurisdiction. Diversity jurisdiction exists when both: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs"; and (2) no defendant is a citizen of the same state as the plaintiff. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (reading § 1332 to require complete diversity). Plaintiffs plead neither of these elements.

Plaintiffs fail to establish that the amount-in-controversy requirement is met. Although "Plaintiffs believe this amount will be in excess of the amount of her [*sic*] debt obligation," it is unclear what "this amount," or "[their] debt obligation," is—the full balance of the loan? the amount by which Plaintiffs are in arrears? (FAC ¶ 22, ECF No. 24.) Plaintiffs do not claim that "this amount" exceeds $75,000, as required by the diversity jurisdiction statute. While Plaintiffs do estimate their "compensatory, special and general damages" to be "not less than $75,000," the requirement is that the amount in controversy *exceed* $75,000—in other words, the required value is at least $75,000.01. (FAC at 29, ECF No. 24.) Plaintiffs do not assert this.

More importantly, Plaintiffs fail to plead the citizenship of Defendants anywhere in the FAC. "The party asserting diversity jurisdiction bears the burden of proof." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001) (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). Thus, the failure to specify Defendants' citizenship is fatal to Plaintiffs' assertion of diversity jurisdiction. *See id.* The Court therefore also rejects Plaintiffs' argument that this Court has diversity jurisdiction over this matter. Accordingly, because this Court lacks subject-matter jurisdiction over this suit, the Court **GRANTS** Defendants' MTDs.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Banks' Request for Judicial Notice in its entirety.   The Court also **GRANTS** Defendants' Motions to Dismiss.

If Plaintiffs wish, they **SHALL FILE** an amended complaint correcting the deficiencies of pleading noted above within <u>fourteen (14) days</u> of the date on which this Order is electronically docketed.  *Failure to file an amended complaint by this date may result in dismissal of this action with prejudice.*  Further, the Court cautions Plaintiffs that this will be their final opportunity to amend.

**IT IS SO ORDERED**.

DATED:  June 11, 2014

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

13cv1784